**KIM, CHO & LIM, LLC**
Joshua (Seoung Y) Lim, Esq. (SL4581)
460 Bergen Boulevard, Suite 305
Palisades Park, NJ 07650
Tel: (201) 585-7400
Fax: (201) 585-7422
joshualim@kcllawfirm.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHIZHU JIN,<br><br>  Plaintiff,<br><br>-against-<br><br>PINE TREE ENTERPRISES LLC, CHUN SIK PARK, and COMPANIES 1-10 (fictitious),<br><br>  Defendants. | Case No.:<br><br>CIVIL ACTION<br><br>**COMPLAINT** |

Plaintiff SHIZHU JIN ("Plaintiff"), by and through his attorneys Kim, Cho & Lim, LLC, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF ACTION

1. Plaintiff brings this suit for damages against his former employers, Defendants PINE TREE ENTERPRISES LLC and CHUN SIK PARK (collectively, "Defendants"), for failure to pay overtime premium, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(1), and the New Jersey Wage and Hour Law ("NJWHL"), *N.J.S.A.* 34:11-56a4(b)(1), and for unpaid wages, in violation of the New Jersey Wage Payment Law ("NJWPL"), *N.J.S.A.* 34:11-4.4.

## THE PARTIES

2. Plaintiff Shizhu Jin is an individual residing at 50 West Harriet Avenue, Apartment 2C, Palisades Park, New Jersey 07650.

3. Defendant Pine Tree Enterprises LLC (individually, "Pine Tree") is a company organized and existing under the laws of the State of New Jersey, located at 7 Broad Avenue, Palisades Park, New Jersey 07650. Defendant owns and manages the commercial real estate complex Pine Plaza in Palisades Park, and also hosts banquets.

4. Defendant Chun Sik Park (individually, "Park") is an individual who, upon information and belief, resides in the State of New Jersey. Park is an owner and/or principal of Pine Tree.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' related state law claims pursuant to 28 U.S.C. § 1367.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(1) & (b)(2) because Defendant resides in this jurisdiction, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## ALLEGATIONS

8. Defendants own and manage the Pine Plaza commercial real estate complex, located at 7 Broad Avenue, Palisades Park, New Jersey 07650, and also host banquets. Defendants are therefore "engaged in commerce or in the production of goods for commerce," within the meaning of 29 U.S.C. § 203(s)(1).

9. Defendants' annual gross volume of sales made or business done is not less than $500,000. 29 U.S.C. § 203(s)(1)(a)(ii).

10. Accordingly, Defendants are a covered "enterprise" employer under the FLSA, 29 U.S.C. § 203(s).

11. Defendants are also a company "employing any person in this State [of New Jersey]," and therefore a covered "employer" under New Jersey labor laws. *N.J.S.A.* 34:11-4.1(a), -56a1(g).

12. Plaintiff was a covered "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e), and New Jersey labor laws, *N.J.S.A.* 34:11-4.1(b), -56a1(h).

13. Plaintiff was employed by Defendants from June 17, 2015 to October 6, 2019, as a maintenance worker for the premises.

14. Throughout his employment, Plaintiff worked from Monday through Saturday, for approximately twelve (12) or more hours per day. Plaintiff worked for an estimated seventy-two (72) to seventy-five (75) hours per week.

15. Plaintiff entered an agreement with Defendants, whereby he was compensated bimonthly at a fixed wage rate of $1200 – therefore, he received $600 for each week. Plaintiff was paid in cash, and no deductions were made to his pay.

16. Plaintiff received no W-2s, and no time cards.

17. Contrary to the agreement, Plaintiff's pay was reduced at times during his employment.

18. From August 2017 to September 2017, over the course of eight (8) weeks, Plaintiff was paid just $1300. Pursuant to the agreement, Plaintiff should have been paid $4800. Therefore, Plaintiff is owed $3500 for that period of time.

19. From September 1, 2018 to October 6, 2019, over the course of fifty-seven (57) weeks, Plaintiff was paid bimonthly at a fixed wage rate of $1100, or $550 per week. In total, this amounted to $31,350 paid during that period.

20. But based on the agreed upon wage rate of $1200, Plaintiff should have been paid $34,200 during that period. Therefore, Plaintiff is owed $2850 for that period of time.

21. In addition, Plaintiff never received overtime premium compensation at a rate of one and one-half his wage rate for hours he worked in excess of forty (40) in a given week.

22. Based on the above record of underpayments and failure to pay overtime, and assuming that Plaintiff worked for twelve (12) hours per week, Plaintiff is owed at least $253,559 in damages for unpaid wages.

23. Under the FLSA, 29 U.S.C. § 216(b), Plaintiff is entitled to an equivalent amount of $253,559 in liquidated damages.

24. Also pursuant to the New Jersey Wage Theft Act, Plaintiff is entitled to two hundred percent (200%) liquidated damages for unpaid wages earned after the law took affect on August 6, 2019, which brings the total damages amount to $259,499.

**FIRST CAUSE OF ACTION**
FLSA – OVERTIME PROVISIONS

1. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

2. Defendants are a business and owner/principal that own and manage the Pine Plaza commercial real estate complex in Palisades Park and host banquets, and are therefore engaged in "commerce or in the production or sale of goods for commerce," within the meaning of 29 U.S.C. § 203(s).

3. Defendants were Plaintiffs' "employer[s]" within the meaning of 29 U.S.C. § 203(d).

4. Plaintiff, who worked for Defendants as a maintenance worker from June 17, 2015 to October 6, 2019, was a covered "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e).

5. Defendants controlled the terms and condition of employment, including the rate and method of compensation for their employees.

6. Plaintiff regularly worked from Monday through Saturday, for twelve (12) or more hours per day. This amounted to approximately seventy-two (72) hours per week.

7. Over the course of their employment, Defendants have failed to pay Plaintiff's overtime compensation at a rate of one and one-half times the regular wage rate for hours worked in excess of forty (40) per week, in violation of the FLSA, 29 U.S.C. § 207(a)(1).

8. Defendants' failure to pay overtime premium constituted a willful violation of the FLSA, 29 U.S.C. § 255 (a). Defendants have clearly acted in bad faith.

9. As a consequence, Plaintiff has suffered damages in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
NJLL – OVERTIME PROVISIONS

10. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

11. Defendants were Plaintiff's "employer" within the meaning *N.J.S.A.* 34:11-4.1(a), -56a1(g).

12. Plaintiff, who work for Defendants as a maintenance worker, was a covered employee within the meaning of *N.J.S.A.* 34:11-4.1(b), -56a1(h).

13. Defendant controls the terms and condition of employment, including the rate and method of compensation for its employees.

14. Plaintiff regularly worked from Monday through Saturday, for twelve (12) or more hours per day. This amounted to approximately seventy-two (72) hours per week.

15. Over the course of their employment, Defendants have failed to pay Plaintiff's overtime compensation at a rate of one and one-half times the regular wage rate for hours worked in excess of forty (40) per week, in violation of *N.J.S.A.* 34:11-56.

16. Defendants' failure to pay overtime premium constituted a willful violation of the NJLL, *N.J.S.A.* 34:11-56. Defendants have clearly acted in bad faith.

17. As a consequence, Plaintiff has suffered damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
NJLL – UNPAID WAGES

18. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

19. Defendants were Plaintiff's "employer" within the meaning *N.J.S.A.* 34:11-4.1(a), -56a1(g).

20. Plaintiff, who worked for Defendants as a maintenance worker from June 17, 2015 to October 6, 2019, was a covered employees within the meaning of *N.J.S.A.* 34:11-4.1(b), -56a1(h).

21. Defendant controls the terms and condition of employment, including the rate and method of compensation for its employees.

22. Plaintiff entered an agreement with Defendants, whereby he was to be compensated bimonthly at a fixed wage rate of $1200 – therefore, he would receive $600 for each week.

23. Contrary to the agreement, Plaintiff's pay was reduced at times over the course of his employment.

24. From August 2017 to September 2017, over the course of eight (8) weeks, Plaintiff was paid just $1300. Pursuant to the agreement, Plaintiff should have been paid $4800. Therefore, Plaintiff is owed $3500 for that period of time.

25. From September 1, 2018 to October 6, 2019, over the course of fifty-seven (57) weeks, Plaintiff was paid bimonthly at a fixed wage rate of $1100, or $550 per week. In total, this amounted to $31,350 paid during that period.

26. But based on the agreed upon wage rate of $1200, Plaintiff should have been paid $34,200 during that period.

27. Therefore, Plaintiff is owed $2850 for that period of time.

28. Defendants' failure to pay Plaintiff his full wages in accordance with their agreement constituted a willful violation of the NJLL, *N.J.S.A.* 34:11-4.10. Defendants have clearly acted in bad faith.

29. As a consequence, Plaintiff has suffered damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief:

A. Unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

B. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NJLL, *N.J.S.A.* 34:11-1 *et seq*.

C. Unpaid overtime wages and liquidated damages at two hundred percent (200%) permitted by law pursuant to the NJLL and the supporting provisions of the New Jersey Administrative Code;

D. Pre-judgment interest and post-judgment interest;

E. An injunction requiring Defendant to pay all statutorily required wages pursuant to the FLSA, NJLL and the New Jersey Administrative Code;

F. Reasonable attorneys' fees and costs of the action; and

G. Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues so triable.

Dated: Palisades Park, NJ
March 5, 2020

Respectfully submitted,

By: *s/ Joshua Lim*
    **Joshua Lim, ESQ.**

**KIM, CHO & LIM, LLC**
Joshua (Seoung Y) Lim, Esq. (SL4581)
460 Bergen Boulevard, Suite 305
Palisades Park, NJ 07650
Tel: (201) 585-7400
Fax: (201) 585-7422
joshualim@kcllawfirm.com
*Attorneys for Plaintiff*