UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHIZHU JIN,<br><br>**Plaintiff,**<br><br>v.<br><br>**PINE TREE ENTERPRISES LLC, CHUN SIK PARK, JOA PRODUCTION NY, INC., MEDIA JOHA, LTD, JIN SOO HAN AND COMPANIES 1-10 (fictitious),**<br><br>**Defendants.** | Civ. No. 2:20-cv-2404 (WJM)<br><br>**OPINION** |

Plaintiff Shizhu Jin ("Plaintiff" or "Jin") brings this suit against his former employers, Pine Tree Enterprises LLC ("Pine"), Chun Sik Park ("Park"), JOA Production NY, Inc. ("JOA"), and Defendant Jin Soo Han ("Han") to collect unpaid and overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, *et seq.* ("NJWHL") and their supporting regulations. Plaintiff moves without opposition for entry of judgment by default against Defendant JOA pursuant to Federal Rule of Civil Procedure 55(b)(2). ECF No. 41. For the reasons stated below, Plaintiff's motion for default judgment is **DENIED WITHOUT PREJUDICE.**

**I. Background**

Defendants manage and/or are contractors hired to manage the real property located at 7 Broad Avenue, Palisades Park, New Jersey ("Pine Plaza") and also host banquets. Amended Compl. ¶ 12, ECF No. 12. Defendant Han is the owner and/or principal of JOA and Media Joha, Ltd. ("Media"). *Id.* at ¶ 8. Defendant Park is the owner and/or principal of Pine Tree. *Id.* at ¶ 4.

Plaintiff was employed to work as a maintenance worker at Pine Plaza from June 17, 2015 to October 6, 2019. *Id.* at ¶ 17. Plaintiff alleges that each Defendant, through their respective principals, was his joint employer and therefore is jointly and severally liable for his unpaid wages and claims because they exercised control over the conditions

1

and terms of his employment, including the power to hire and fire him or to alter his work schedules. *Id.* at ¶¶ 18-19.

Plaintiff filed an initial Complaint on March 5, 2020 against Defendants Pine Tree and Park. ECF No. 1. On April 9, 2020, Pine Tree and Park filed an answer and a third-party complaint against JOA. ECF No. 6. On June 10, 2020, Third-Party Plaintiff Pine Tree served JOA with a Summons and Third-Party Complaint. ECF Nos. 12, 13. Defendants did not answer or otherwise respond to the Third-Party Complaint. Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered default against JOA on August 24, 2021.

On December 15, 2020, Plaintiff filed an Amended Complaint adding JOA, Media, and Han as defendants. ECF No. 22. Plaintiff requested that a Summons be issued as to JOA on January 12, 2021. ECF No. 30. However, there is no entry on the docket that service of that Summons was executed. JOA has not answered or otherwise moved as to Plaintiff's Amended Complaint. Plaintiff now moves for default judgment against JOA. ECF No. 41. Plaintiff served JOA with the instant motion on September 13, 2021. ECF No. 41-2.

## II. Discussion

Fed. R. Civ. P. Rule 55(b)(2) "authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp.2d 532, 535 (D.N.J. 2008). However, because the entry of default judgment prevents a decision on the merits, the mere fact of default does not entitle a plaintiff to judgment. Rather, "[i]t is well settled in this Circuit that the entry of a default judgment is left primarily to the discretion of the district court. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)); *see also Eastern Elec. Corp. of New Jersey v. Shoemaker Const. Co.*, 652 F. Supp.2d 599, 604 (E.D. Pa. 2009).

Before default judgment can be entered, the Court must examine whether: (1) there has been sufficient proof of service, *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir.1985); (2) a sufficient cause of action was stated "since a party in default does not admit mere conclusions of law," *Chanel, Inc.*, 558 F. Supp.2d at 535 (internal quotes and cites omitted); and (3) default judgment is proper, *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). *See Teamsters Health & Welfare Fund of Philadelphia and Vicinity v. Dubin Paper Co.*, 2012 WL 3018062 (D.N.J. July 24, 2012). To evaluate whether default judgment is proper, the court considers three factors: (1) prejudice to the plaintiff if default judgment is denied, (2) whether the defendant appears

to have a litigable or meritorious defense, and (3) whether the default was due to the defendant's culpable conduct. *Chamberlain*, 210 F.3d at 164; *Hritz*, 732 F.2d at 1181.

As an initial matter, the Court notes that there is insufficient proof of service as to Defendant JOA. *See Gold Kist, Inc.*, 756 F.2d at 19 (noting that "default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void..."). Although Third-Party Pine Tree served JOA with the Summons and Third-Party Complaint on June 10, 2020, ECF No. 12, there is no evidence that Plaintiff Jin properly served JOA with the Amended Complaint.

Even if JOA has been properly served with the Amended Complaint, the Court will not award default judgment against JOA at this juncture. In *Frow v. De La Vega*, 82 U.S. 552, 554 (1872), the Supreme Court cautioned that if final judgment is entered against one defendant while the case proceeds against others, then an "absurdity" of incongruous judgments might follow. Since that decision, courts have held that generally, "when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." 10A Charles A. Wright & Miller, Fed. Prac. & Proc. Civ. § 2690 (4th ed.); *Sanchez v. Frazzano*, 2016 WL 2892551, at *2 (D.N.J. May 16, 2016) (noting that practice of withholding grant of default judgment is "most strictly applied where the liability is joint and several").

Here, Plaintiff alleges JOA is jointly and severally liable for his unpaid wages. Thus, to avoid the "potential absurdities that could result from inconsistent judgments," the Court will follow the "preferred practice" of withholding the grant of default judgment "until the action is resolved on its merits against non-defaulting defendants." *Sanchez*, 2016 WL 2892551, at *2 (internal quotes and cites omitted); *see also United States v. Mycek*, 2021 WL 1986456, at *1 (D.N.J. May 17, 2021); *Eteam, Inc. v. Hilton Worldwide Holdings, Inc.*, 2016 WL 54676 (D.N.J. Jan. 5, 2016).

Accordingly, Plaintiff's motion for entry of default judgment as to Defendant JOA is **denied without prejudice.** An appropriate order follows.

WILLIAM J. MARTINI, U.S.D.J.

Date: November 4, 2021

3